ANSTEAD, Judge,
concurring specially.
I agree that the appellant is entitled to be discharged under the holding of Cruz v. State, 465 So.2d 516, 522 (Fla.1985):
Entrapment has not occurred as a matter of law where police activity (1) has as its end the interruption of a specific ongoing criminal activity; and (2) utilizes means reasonably tailored to apprehend those involved in the ongoing criminal activity.
As to the first prong, the court condemned “police activity seeking to prosecute crime where no such crime exists but for police activity engendering the crime.” Id. at 522. As to the second prong, the court stated that one impermissible means of entrapment was by “employing methods of persuasion or inducement which create a substantial risk that such an offense will be committed by persons other than those who are ready to commit it.” Id. at 522.
Incredibly, in the trial court, the police officials involved testified that cocaine was used instead of the $15,000.00 owed by Spitz only because “cocaine could be controlled easier than cash.” I agree that this is the kind of situation the Florida Supreme Court had in mind in Cruz in condemning police conduct which creates crime “where no such crime exists but for police activity engendering the crime.” Id. at 522.